IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | CR No. 3:23-cr-972-JFA<br>C/A No. 3:25-cv-8657-JFA |
| Plaintiff-Respondent | |
| v. | **MEMORANDUM OPINION AND<br>ORDER** |
| Cameron Jones, | |
| Defendant-Petitioner. | |

## I.    INTRODUCTION

This matter comes before the court for consideration of Cameron Jones's ("Petitioner" or "Jones") *pro se* petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.[1] (ECF No. 89). For the reasons stated below, the court dismisses the petition.

## II.    FACTUAL AND PROCEDURAL HISTORY

On April 1, 2022, Petitioner was approached by an officer with the Camden Police Department in the area of Boykin Park in Camden, South Carolina. When Petitioner saw the officer, he began to walk away and then proceeded to run away while holding his waistband. The officer saw Petitioner leaning over some bushes to get rid of some items during the pursuit. After Petitioner was apprehended, multiple law enforcement officers

---

[1]    Because the Defendant/Petitioner is acting *pro se,* the documents he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and are thus construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

went back to the area where Petitioner was seen discarding something and found a tan pistol and 24.11 grams of cocaine.

As a result of Petitioner's conduct, a grand jury indicted Petitioner for felon in possession of a firearm, possession with intent to distribute cocaine, and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 922(g)(1), 12 U.S.C. § 841(b)(1)(C), and 18 U.S.C. § 924(c). Suha Najjar ("Najjar"), employed as an Assistant Federal Public Defender at the time, was appointed to represent Petitioner in this matter. Petitioner pled guilty to the felon in possession and possession with intent to distribute charges pursuant to a written plea agreement. In the plea agreement, the Government agreed to dismiss the count under 18 U.S.C. § 924(c) which would have resulted in a mandatory sentence of at least 60 months consecutive to any other term of imprisonment. The Court sentenced Petitioner to 93 months.

On July 28, 2025, Petitioner filed a petition pursuant to 28 U.S.C. § 2255 alleging that his trial counsel's performance was deficient and he suffered prejudice as a result. (ECF No. 89, 89-1). The Government filed a response along with a motion for summary judgment. (ECF No. 93, 93-1). Petitioner was advised of the dispositive motion as well as the proper procedure for responding to a motion for summary judgment via an order issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). (ECF No. 94). Petitioner filed a cross motion for summary judgment in Response to the Government's Motion. (ECF No. 97). Thereafter, the Government filed a Reply. (ECF No. 99). Thus, this matter is ripe for review.

2

### III.     LEGAL STANDARD

#### A.     28 U.S.C. § 2255

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a defendant/petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

"The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  The court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

3

## B.     SUMMARY JUDGMENT

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The movant has the burden of proving that summary judgment is appropriate. Once the movant makes the showing, however, the opposing party must respond to the motion with "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). In deciding a motion for summary judgment, the facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

"[O]nce the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *See id.* Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a

4

genuine and material factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV.    DISCUSSION

Liberally construed, Petitioner's § 2255 motion asserts a claim for ineffective assistance of counsel. Specifically, Petitioner alleges that (1) Najjar failed to conduct a meaningful investigation by which she could have discovered abandonment of the firearm and drugs was the product of unlawful police conduct, (2) Najjar failed to raise an involuntary abandonment defense nor seek suppression of the firearm and drugs, and (3) because of these failures, his guilty plea was involuntarily given. (ECF No. 89-1).

In order to successfully challenge a sentence on the basis of ineffective assistance of counsel, the petitioner must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure of proof on either prong ends the matter. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* 466 U.S. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland*, 466 U.S. at 693).

When a defendant has pled guilty, the hurdle to establish prejudice is high. *See Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Such a defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's "subjective preferences . . . are not dispositive; what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts." *United States v. Fugit*, 703 F.3d 248, 260 (4th Cir. 2012). After pleading guilty, a defendant cannot demonstrate prejudice from counsel's performance where pleading guilty is "objectively, [the defendant's] best option." *United States v. Dyess*, 730 F.3d 354, 361–363 (4th Cir. 2013).

Petitioner's qualms with counsel's performance all directly relate to the manner in which he was apprehended by law enforcement. In evaluating the first prong of *Strickland*, Petitioner has failed to present, both in his petition and cross motion for summary judgment, any evidence that Najjar's performance fell below the objective standard of reasonableness. Petitioner avers Najjar did not perform an adequate investigation into the circumstances surrounding his apprehension by law enforcement, and if she had, she would have known he had a viable defense pursuant to *United States v. Beck,* 602 F.2d 726 (5th Cir. 1979). (ECF Nos. 89 & 97). Further, Petitioner argues that if he had been aware of this available defense he would not have pled guilty. In her affidavit made in response to Petitioner's motion, Najjar stated the following regarding Petitioner's allegations:

6

> In his affidavit in support of his motion, Mr. Jones makes certain factual concessions. On April 1, 2022, Mr. Jones was walking in a public area when a Camden police officer attempted to initiate a stop. While running away from the officer, Mr. Jones discarded a firearm and drugs. My investigation of the evidence in this case supported these facts.
>
> I did not file a motion to suppress the firearm and drugs. I advised Mr. Jones that based on the facts outlined above, a court would not likely grant a motion to suppress the firearm and the drugs. In reaching this conclusion, I relied on Fourth Circuit precedent—particularly the Fourth Circuit's guidance in *United States v. Small,* 944 F.3d 490 (4th Cir. 2019) and *United States v. Frazer,* 98 F.4th 102 (4th Cir. 2024).
>
> Based on the foregoing, I did advise Mr. Jones to waive the right to raise a Fourth Amendment challenge in exchange for the concessions made by the government in the plea agreement.

(ECF No. 93-2, pp. 2–3).

Petitioner has not presented any evidence that warrants barring the Government's motion for summary judgment or granting his motion for summary judgment regarding Najjar's performance. Looking at the allegations made by Petitioner in the best light, he alleges that Najjar should have carried out an investigation. The Government has presented evidence that Najjar performed an investigation by way of her affidavit in which she states that she performed an investigation and was aware of all facts noted by Petitioner in his petition. Petitioner then argues that if a better investigation had been performed, Najjar should have filed a Motion to Suppress based on a case from the Fifth Circuit Court of Appeals, *United States v. Beck,* 602 F.2d 726 (5th Cir. 1979). Najjar's affidavit makes clear her decision to recommend a guilty plea was a reasonable strategic decision. While Petitioner may be unhappy with the sentence he received, he has not shown Najjar's

performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688–89 (there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight). Najjar's reliance on binding Fourth Circuit authority rather than a non-binding out of circuit case was not unreasonable. Accordingly, Petitioner's ineffective assistance of counsel claim fails under the first prong of *Strickland.*

Petitioner's claim fails under the first prong of *Strickland* and accordingly analysis of the second prong is unnecessary. However, the Court will briefly address the lack of prejudice.

Petitioner cites *United States v. Beck* in support of his proposition that if his trial counsel had filed a motion to suppress the firearm and narcotics, the motion would have been successful. 602 F.2d 726 (5th Cir. 1979). Petitioner's circumstances are distinguishable from *Beck.* In *Beck,* a police officer pulled his car next to the defendant's car and engaged the defendant in conversation. *Id.*at 727. The officer thereafter pulled his car forward so that he could get out and investigate further. *Id.* While pulling forward, the officer saw what appeared to be a cigarette come out of the defendant's driver side window. *Id.* The officer directed the defendant to get out of the car and placed him at the rear of his patrol car. *Id.* The officer then picked up the cigarette, "which appeared to be (and in fact was) marijuana." *Id.* The officer searched the defendant's car and found other drug contraband as well as two parcels that had been stolen from a United Parcel Service interstate shipment. *Id.* The Fifth Circuit Court of Appeals found that under the totality of

8

the circumstances; by pulling so close to the defendant's vehicle, the officer had effectively restrained the movement of the defendant such that he was stopped for fourth amendment purposes. *Id.* at 729. Thus, the *Beck* court "[h]aving decided that [the officer] illegally stopped the [car] prior to the abandonment of the contraband, [turned] to the crucial question whether this abandonment was still voluntary, or whether it was caused by the illegal stop." *Id.* The *Beck* court ruled that because the abandonment of the marijuana was due to the illegal stop of the defendant's vehicle, the discovery of the marijuana could not be used to validate the stop which led to the discovery of the other contraband and stolen parcels. *Id.* at 730.

Here, Petitioner's circumstances are clearly distinguishable from that of the defendant in *Beck.* Under the totality of the circumstances, Petitioner was not "stopped" for fourth amendment purposes prior to his abandonment of the gun and drugs. *See Terry v. Ohio*, 392 U.S. 1, 16 (1968). Rather, viewing the facts as stated in Petitioner's § 2255 motion and attachments, Petitioner was walking on a public sidewalk when an officer pulled up next to him in his police cruiser and asked him to stop. (ECF No. 89-1, p. 3). Petitioner states that the officer told him that he was going to exit his vehicle to perform a "pat-down" search of Petitioner's person. *Id.* Petitioner then states that "I was aware of the fact I was in possession of a firearm and drugs, and that my possession of these items were unlawful … I ran from Officer Gardener so that I could get the firearm and drugs out of my possession." *Id.*

When a defendant does not yield to the commands of a police officer, but instead decides to run, he is not seized for the purposes of the fourth amendment. *See California*

9

*v. Hodari D*., 499 U.S. 621, 629 (1991). Items discarded while running away from law enforcement are also not seized in violation of the fourth amendment. *Id.* Further, it is "well established that a person who voluntarily abandons property … is consequently precluded from seeking to suppress evidence seized from the property." *United States v. Leshuk*, 65 F.3d. 1105, 1111 (4th Cir. 1995) *see also United States v. Gordon,* 152 F. App'x 282, 283 (4th Cir. 2005) ("The district court properly denied [the defendant's] motion to suppress the evidence of the gun, which was discovered in a jacket that [the defendant] discarded as he ran from the officers. Because he had abandoned the jacket, [the defendant] lacked standing to challenge the search of the jacket.").

Thus, because *Beck* is distinguishable from Petitioner's circumstances, and it is well-settled that a person who voluntarily abandons property is precluded from seeking to suppress evidence seized from that property, Petitioner has failed to show he suffered prejudice as a result of Najjar advising him a motion to suppress would be unsuccessful. Thus, Petitioner has failed to show that his counsel's performance was deficient in any manner or that the "result of the proceeding was fundamentally unfair or unreliable." *Strickland*, 466 U.S. at 694. Nor can he show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). Thus, Respondent's motion for summary judgment as to this ineffective assistance of counsel claim is granted, and Petitioner's cross motion for summary judgment is denied.

## V.    CONCLUSION

For the reasons stated above, the government's Motion for Summary Judgment (ECF No. 93) is granted, Petitioner's Cross Motion for Summary Judgment, (ECF No. 97). is denied, and Petitioner's motion for relief pursuant to § 2255, (ECF No. 89, 89-1), is denied. This action is hereby dismissed with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."

The Court concludes that he has not made such a showing, and therefore it is not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

July 22, 2026                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge

11